Pat D. PATTERSON, Appellant,

v.

**BOARD OF EDUCATION OF FRANCIS TUTTLE VOCATIONAL TECHNICAL SCHOOL DISTRICT NO. 21, Appellee.**

No. 84218.

Court of Appeals of Oklahoma, Division No. 3.

Oct. 25, 1994.

Rehearing Denied Jan. 17, 1995.

Certiorari Denied April 5, 1995.

Rex D. Brooks, Oklahoma City, for appellant.

Jerry L. Steward, Laura L. Holmes, Oklahoma City, for appellee.

*OPINION*

GARRETT, Vice Chief Judge:

Pat D. Patterson (Appellant or Patterson) was employed as a teacher in the manual drafting department of Francis Tuttle Vocational Technical School District No. 21 (Vo–Tech). In the 1994–1995 school year, Patterson was informed he would not be rehired due to a reduction in the teaching force in the drafting department.

Shortly thereafter, a new computer aided drafting department was established at Vo–Tech. Patterson applied for a position in the new department, but was not hired. Patterson appeared at a regularly scheduled meeting of the Vo–Tech Board of Education (Board) and presented evidence as to why the manual drafting department should not be eliminated and why he should be reemployed. At that same meeting, Board discussed the expansion of the computer aided drafting department. After an executive session, the open meeting resumed, and Board voted not to renew Patterson's teaching contract due to a reduction in force. Three days after that meeting, Board informed Patterson by certified mail that he would not be rehired due to a reduction in force necessitated by the elimination of the manual drafting program. The letter stated Patterson was entitled to a post decisional hearing. Patterson was granted a post decisional hearing and informed by certified mail of his right to counsel and his right to present evidence.

At that hearing, Patterson was represented by counsel and had the opportunity to present evidence and to cross examine witnesses. After hearing the evidence, Board

decided: (1) to eliminate manual drafting as a separate class; (2) to integrate manual drafting into the computer aided drafting classes; (3) the elimination of manual drafting required a reduction in teaching force and caused the nonreemployment of Patterson; (4) the qualifications for a teacher in the computer aided drafting department were reasonable; (5) Patterson did not have the minimal qualifications for the computer aided drafting department position.

Patterson filed a petition for trial de novo in the district court. He alleged the acts of Board violated the Teacher Due Process Act of 1990, 70 O.S.1991 § 6–101.20 et seq. He also filed a request for production of documents for: (1) a complete copy of Vo–Tech's reduction in force policy; (2) a complete copy of the Oklahoma State Board of Education's standards of performance, with amendments, and any standards of performance adopted by Vo–Tech; (3) a complete copy of Patterson's personnel file; (4) a complete copy of Vo–Tech's written policy of evaluation.

Board and Vo–Tech moved for summary judgment and attached evidentiary materials. Patterson responded. The court sustained the motion and found: (1) the Teacher Due Process Act of 1990, 70 O.S.1991 § 6–101.20 to § 6–101.30 (TDPA) applied only in limited situations, and did not apply to this matter; and, (2) Patterson had been provided with due process since notice, the opportunity to be heard and the right to be represented by counsel, was given.

Patterson contends the court erred in granting summary judgment because: (1) two fact questions remained as to whether there was a reduction in force and whether Patterson was actually incompetent to teach computer aided drafting; (2) the court erred in refusing to grant a trial de novo, and in acting instead as an appeals court; and, (3) he was denied due process because he was unable to defend against his alleged incompetence to teach computer aided drafting.

The Oklahoma School Code of 1971 is found at 70 O.S.1991 § 1–101 et seq. Tit. 70 O.S.1991 § 14–108(B) gives Board and Vo–Tech the same duties and powers as any independent school district and its Board. Tit. 70 O.S.1991 § 5–117 sets forth the powers and duties of an independent school district. Pursuant to the Oklahoma School Code, Vo–Tech may determine which educational programs to offer. In doing so, Vo–Tech must maintain a school system suited to the needs of that school district, employ personnel and fix the duties of that personnel. See 70 O.S.Supp.1994 § 5–117. While the Oklahoma School Code does not directly address a reduction in force, a school district may exercise its express powers and eliminate a subject from a curriculum, if it is deemed best suited to the needs of that district.

The TDPA does not allow a competent, qualified, tenured teacher to be nonreemployed for personal, political, arbitrary or discriminatory reasons. TDPA lists six statutory grounds for dismissal or nonreemployment. These six reasons are individual to the teacher. The TDPA provides specific statutory procedures for notification of an action against a teacher, most particularly, for a trial de novo and any compensation the teacher is entitled to until the trial de novo. The TDPA does *not* speak to nonreemployment because of a reduction in force due to elimination of a subject from the curriculum.

In a case decided prior to TDPA, but under statutory due process procedures almost identical to TDPA, *Weeks v. Northeast Oklahoma Area Vocational–Technical School District No. 11*, 657 P.2d 1205 (Okl.App. 1982), the Court held the teacher's reliance on the due process statute was misplaced because that statute applied only when a teacher was dismissed or nonreemployed for cause. The *Weeks* court found that the statute was designed to allow a teacher to respond to substantive charges which might pose a stigma or disability to future employment, and that there was no stigma to nonreemployment because a portion of the curriculum was eliminated.

■ Vo–Tech was not required to comply with the due process procedures in the TDPA, including a trial de novo before the district court, as it was inapplicable to the case here. A reduction in force due to Vo–Tech's pursuance of educational curriculum it deemed suited to its school district is not contemplated by the TDPA.

■ The record shows Patterson was afforded due process pursuant to the Fifth and

Fourteenth Amendments to the United States Constitution and Article 2, § 7 of the Oklahoma Constitution. Patterson was given notice that the manual drafting program might be discontinued, and the possibility of his nonreemployment if it was. Patterson was given a pre-termination hearing which included an opportunity to be heard. He was also given a post termination hearing where he was represented by counsel, had the right to confront his "accusers", to present evidence and cross-examine witnesses. These elements constitute essential due process requirements. See, *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).

Because the Teachers Due Process Act is inapplicable and Patterson was afforded necessary due process, the court properly found as a matter of law Board and Vo–Tech were entitled to summary judgment.

AFFIRMED.

HUNTER and ADAMS, JJ., concur.